**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

JAMES E. HIGH AND
LORI HIGH AND GULF SANDS, LLC

Plaintiffs,

v. CASE NO.:4:20-cv-00380-AW-MAF

AIG PROPERTY CASUALTY COMPANY

Defendant.
___________________________/

**AIG PROPERTY CASUALTY COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE [Doc. 13]**

Defendant, AIG PROPERTY CASUALTY COMPANY, ("AIGPCC"), by and through undersigned counsel, hereby submits its Response in Opposition to Plaintiffs' Motion to Strike. In support of thereof, AIGPCC states as follows:

1. In the instant action, Plaintiffs have alleged that AIGPCC breached an insurance contract in its adjustment and evaluation of Plaintiffs' claim for damage to a dwelling following Hurricane Michael. *See* Doc. 7 at ¶¶ 13, 15, and 25.

2. On August 25, 2020, AIGPCC filed its Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint. *See* Doc. 11.

3. On September 15, 2020, Plaintiffs filed a Motion to Strike AIGPCC's first, sixth, seventh, and twelfth affirmative defenses. *See* Doc. 13.

4. Courts generally "disfavor motions to strike and often consider them to be 'time wasters.'" *Smith v. Wal-Mart Stores*, No. 1:11-cv-226-MP-GRJ, 2012 U.S. Dist. LEXIS 87347, at *3-4 (N.D. Fla. June 25, 2012) (citation omitted).

5. A motion to strike an affirmative defense should not be granted, "[u]nless the allegations are clearly immaterial or prejudicial to the moving party[.]" *Paylan v. Teitelbaum*, No. 1:15-cv-159-MW-GRJ, 2016 U.S. Dist. LEXIS 182736, at *11 (N.D. Fla. Dec. 22, 2016).

6. In their Motion to Strike, Plaintiffs fail to allege that any of AIGPCC's affirmative defenses are immaterial or prejudicial to Plaintiffs. *See* Doc. 13.

7. By failing to allege, let alone show, the legal basis for striking an affirmative defense, Plaintiffs have failed to meet their burden of establishing that this Court should strike any of AIGPCC's affirmative defenses. *See Cincinnati Ins. Co. v. Quorum Mgmt. Corp.*, No. 5:12-cv-406-Oc-10PRL, 2014 U.S. Dist. LEXIS 18983, at *5 (M.D. Fla. Feb. 12, 2014) ("Under this rule, the movant bears the burden of demonstrating that the challenged matter should be stricken.").

8. Further, as set forth herein, the Eleventh Circuit, and the Northern, Middle, and Southern District Courts of Florida have recognized that AIGPCC's challenged affirmative defenses are sufficient, and should not be stricken.

9. Plaintiffs also failed to comply with the attorney conference required by Local Rule 7.1, and this Court should deny Plaintiffs' Motion for failing to

comply with Local Rule 7.1. *Deepgulf, Inc. v. Moszkowski*, 330 F.R.D. 600, 612 (N.D. Fla. 2019) ("A court may deny a motion when the movant has not shown that he made a good faith effort to confer and work with an opposing party.").

10. Accordingly, this Court should deny Plaintiffs' Motion to Strike.

**WHEREFORE**, Defendant, AIG PROPERTY CASUALTY COMPANY, respectfully requests that this Court deny Plaintiffs' Motion to Strike, and grant any further relief this Court deems necessary and proper.

## MEMORANDUM OF LAW

### I. Standard of Law

Pursuant to Rule 12(f), Federal Rules of Civil Procedure, "a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

However, "[m]otions to strike under Rule 12(f) are disfavored, and several courts have characterized such motions as 'time wasters.'" *Holtzman v. B/E Aerospace, Inc.*, No. 07-80551-CIV, 2008 U.S. Dist. LEXIS 42630, at *2 (S.D. Fla. May 28, 2008) (citation omitted). *See Silva v. Swift*, 333 F.R.D. 245, 247 (N.D. Fla. 2019) ("Striking material from a party's pleadings is an extreme measure, and, as a result" courts have held that motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." (internal quotations omitted)); *Hallmark Ins. Co. v. Maxum Cas. Ins. Co.*, No. 6:16-cv-2063-Orl-37GJK, 2017 U.S. Dist.

LEXIS 113227, at *4 (M.D. Fla. June 27, 2017) ("However, motions to strike are generally disfavored due to their drastic nature."); *Smith v. Wal-Mart Stores*, No. 1:11-cv-226-MP-GRJ, 2012 U.S. Dist. LEXIS 87347, at *3-4 (N.D. Fla. June 25, 2012) ("courts disfavor motions to strike and often consider them to be 'time wasters.'" (citation omitted)); *Blanc v. Safetouch, Inc.*, No. 3:07-cv-1200-J-25TEM, 2008 U.S. Dist. LEXIS 68158, at *3 (M.D. Fla. Aug. 26, 2008) ("however, it is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law.").

Although some courts across the county have applied the heightened pleading standard set forth in *Twombly* and *Iqbal* to affirmative defenses, "the greater weight of authority supports that Rule 8(a)'s elevated pleading requirements for claims for relief do not apply to affirmative defenses." *Allstate Ins. Co. v. Meek*, No. 8:19-cv-1181-T-36CPT, 2020 U.S. Dist. LEXIS 77942, at *9 (M.D. Fla. May 4, 2020).

"[B]ased on the distinction in the language of the Federal Rules of Civil Procedure Rule 8(a) and Rule 8(b)-(c), which apply to complaints and affirmative defenses, respectively, the heightened pleading standard as set forth in *Twombly* and *Iqbal* is inapplicable to affirmative defenses." *FAST SRL v. Direct Connection Travel Ltd. Liab. Co.*, 330 F.R.D. 315, 318 (S.D. Fla. 2018). *See Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CIV, 2013 U.S. Dist. LEXIS 60009, at *8

(S.D. Fla. Apr. 26, 2013) ("this Court is ultimately convinced of the correctness of the cases holding that the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses."); *Smith v. Wal-Mart Stores*, No. 1:11-cv-226-MP-GRJ, 2012 U.S. Dist. LEXIS 87347, at *6-7 (N.D. Fla. June 25, 2012) ("The Supreme Court in *Twombly* and *Iqbal* relied on the specific language of Rule 8(a)(2), which requires a 'showing' of entitlement to relief, when it established the plausibility requirement for complaints. 2 Moore's Federal Practice, 8.08[1] (Matthew Bender 3d ed.). Thus, it follows that the plausibility requirement for affirmative defenses should not apply to affirmative defenses because the language in the rule governing affirmative defenses notably lacks any 'showing' requirement.").

As the Southern District of Florida has explained:

> The difference in language between Rules 8(a) and Rule 8(b) is subtle but significant. While Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(b) merely requires that a party "state in short and plain terms its defenses to each claim asserted against it." Stated more directly, the language of Rule 8(a) requires the party to "show" that they are entitled to relief, while Rule 8(b) does not. Comparable to Rule 8(b), Rule 8(c) requires that a party "must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "[T]he Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c): '[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.'"
>
> In this Court's view, affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*. The

> straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses. As noted by the Middle District of Alabama, "to artificially supply Rules 8(b)(1) and 8(c)(1) with the unique language of Rule 8(a)(2) requiring a 'showing' is to contravene well-established principles of statutory construction, which have been found applicable to interpreting the Federal Rules of Civil Procedure." Furthermore, "when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair."

*Laferte v. Murphy Painters, Inc.*, No. 17-CIV-60376, 2017 U.S. Dist. LEXIS 89672, at *3-5 (S.D. Fla. June 12, 2017) (internal citation omitted)

Ultimately, "[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Hassan v. United States Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988).

"Thus, 'a motion to strike is appropriately granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" *Bill Salter Advert., Inc. v. Nautilus Ins. Co.*, No. 3:13cv405/MCR/CJK, 2014 U.S. Dist. LEXIS 192747, at *3 (N.D. Fla. Mar. 19, 2014) (quoting *Valentine v. Legendary Marine FWB, Inc.*, No. 3:09cv334, 2010 U.S. Dist. LEXIS 40425, 2010 WL 1687738, at *1 (N.D. Fla. Apr. 26, 2010)). *See Paylan v. Teitelbaum*, No. 1:15-cv-159-MW-GRJ, 2016 U.S. Dist. LEXIS 182736, at *11 (N.D. Fla. Dec. 22, 2016) ("Unless the allegations are clearly immaterial or prejudicial to the moving party, a motion to strike will not be granted."); *Holtzman*

*v. B/E Aerospace, Inc.*, No. 07-80551-CIV, 2008 U.S. Dist. LEXIS 42630, at *3 (S.D. Fla. May 28, 2008) ("Motions to strike will usually be denied unless 1.) the allegations have no possible relation to the controversy and 2.) the allegations may cause prejudice to one of the parties.").

## II. This Court should not Strike AIGPCC's First Affirmative Defense

AIGPCC's first affirmative defense reads as follows:

> AIGPCC asserts that any duties owed by it to Plaintiffs are governed by the terms and conditions of the subject policy of insurance issued by AIGPCC, and to the extent that no duty arises under the insurance contract for all or part of Plaintiffs' claim, Plaintiffs' Amended Complaint fails to state a cause of action upon which relief can be granted, and, therefore, AIGPCC is not liable.

*See* Doc. 11 at page 8.

In arguing that AIGPCC's first affirmative defense should be stricken, Plaintiffs fail to allege that the first affirmative defense is prejudicial to Plaintiffs or immaterial to this action. *See Paylan v. Teitelbaum*, No. 1:15-cv-159-MW-GRJ, 2016 U.S. Dist. LEXIS 182736, at *11 (N.D. Fla. Dec. 22, 2016) ("Unless the allegations are clearly immaterial or prejudicial to the moving party, a motion to strike will not be granted."). As such, this Court should deny Plaintiffs' Motion as to the first affirmative defense because Plaintiffs have failed to allege, let alone establish, a proper basis for striking the affirmative defense. *See Cincinnati Ins. Co. v. Quorum Mgmt. Corp.*, No. 5:12-cv-406-Oc-10PRL, 2014 U.S. Dist. LEXIS

18983, at *5 (M.D. Fla. Feb. 12, 2014) ("Under this rule, the movant bears the burden of demonstrating that the challenged matter should be stricken.").

Further, AIGPCC's first affirmative defense is sufficient, as a matter of law. *Blanc v. Safetouch, Inc.*, No. 3:07-cv-1200-J-25TEM, 2008 U.S. Dist. LEXIS 68158 (M.D. Fla. Aug. 26, 2008). In *Blanc v. Safetouch, Inc.*, the "Plaintiffs argue[d] in their Motion to Strike that Defendant's First affirmative defense, failure to state a claim for which relief can be granted . . . fail[s] to provide Plaintiffs specific supporting facts or fair notice of the nature of the defenses." *Id*. at *3. The Court in *Blanc* held that such an affirmative defense "adequately place[d] Plaintiffs on notice as to the issues to be litigated. In addition, the Court does not find the aforementioned affirmative defenses confuse the issues, unnecessarily prejudice a party, or lack relationship to the controversy." *Id.* at *4-5; *see also Bartram, LLC v. Landmark Am. Ins. Co.*, No. 1:10-cv-28-SPM/GRJ, 2010 U.S. Dist. LEXIS 121598, (N.D. Fla. Nov. 16, 2010).

In *Bartram*, the plaintiff sought to strike the defendant's tenth affirmative defense which "assert[ed] that Plaintiff's insurance policies determine the liabilities of the parties." *Id.* at *14. The Court held that "[a]s Defendant has put Defendant's liability and its scope in question, the Court finds that the Defendant's tenth affirmative defense is adequate to survive Plaintiff's motion to strike." *Id.*

Here, AIGPCC's first affirmative defense clearly provides sufficient notice to Plaintiffs. AIGPCC's first affirmative defense properly states that the applicable insurance policy determines duties, and thus, potential liabilities, of the parties. *See Bartram* at *14 (approving affirmative defense). Further, the first affirmative defense properly states that Plaintiffs have failed to allege a cause of action upon which relief can be granted. *See Blanc* at *4-5 (approving affirmative defense).

As such, this Court should deny Plaintiffs' Motion as to the first affirmative defense. However, should the Court determine that the first affirmative defense is improper, "the proper remedy is not to strike the claim, but instead to treat the claim as a specific denial." *Citizens State Bank v. Dixie Cty.*, No. 1:10-cv-224-SPM-GRJ, 2011 U.S. Dist. LEXIS 168788, at *9 (N.D. Fla. July 7, 2011); *Bartram, LLC v. Landmark Am. Ins. Co.*, No. 1:10-cv-28-SPM/GRJ, 2010 U.S. Dist. LEXIS 121598, at *12 (N.D. Fla. Nov. 16, 2010) ("the proper remedy is not to strike the claim, but instead to treat the claim as a specific denial"); *accord Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc.*, No. 8:08-cv-1048-T-24 EAJ, 2008 U.S. Dist. LEXIS 64098, at *8-9 (M.D. Fla. Aug. 21, 2008).

## III. This Court should not Strike AIGPCC's Sixth Affirmative Defense

AIGPCC's sixth affirmative defense reads as follows:

> AIGPCC asserts that Plaintiffs are barred from recovering all or some of the alleged damages for failure to take reasonable, necessary, and appropriate steps to mitigate claimed damages

*See* Doc. 11 at page 9.

Similar to their arguments concerning the first affirmative defense, in arguing that AIGPCC's sixth affirmative defense should be stricken, Plaintiffs fail to allege that the sixth first affirmative defense is prejudicial to Plaintiffs or immaterial to this action. *See Paylan* at *11 (discussed *supra*). As such, this Court should deny Plaintiffs' Motion as to the sixth affirmative defense because Plaintiffs have failed to demonstrate a proper basis for striking the affirmative defense. *See Cincinnati Ins. Co.* at *5 (M.D. Fla. Feb. 12, 2014) ("Under this rule, the movant bears the burden of demonstrating that the challenged matter should be stricken.").

Moreover, per the Eleventh Circuit, failure to mitigate damages is an appropriate affirmative defense. *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1286 (11th Cir. 2000). As the Eleventh Circuit explained in *Frederick*, at least four federal circuit courts recognize failure to mitigate damages as an affirmative defense:

> Federal Rule of Civil Procedure 8(c) ("Rule 8(c)") does not include the failure to mitigate damages among the 19 enumerated affirmative defenses. Most federal courts, however, regard the failure to mitigate as an affirmative defense under Rule 8(c)'s catchall clause which provides for "any other matter constituting an avoidance or affirmative defense." *See Conjugal Partnership v. Conjugal Partnership*, 22 F.3d 391, 400 (1st Cir.1994) ("Failure to mitigate is an affirmative defense as a matter of federal procedural law…."); *Lennon v. United States Theatre Corp.*, 287 U.S. App. D.C. 202, 920 F.2d 996, 1000 (D.C.Cir.1990) [**19] ("Failure to mitigate damages is an affirmative defense under Rule 8(c)."); *Sayre v. Musicland Group, Inc.*, 850 F.2d 350, 354 (8th Cir.1988) (same). This circuit has held that the "failure to

> mitigate damages … is an affirmative defense." *NLRB v. Pilot Freight Carriers, Inc.*, 604 F.2d 375, 376 (5th Cir.1979).

*Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1286 (11th Cir. 2000). *See Factory Direct Tires v. Cooper Tire & Rubber Co.*, No. 3:11-cv-255-RV/EMT, 2012 U.S. Dist. LEXIS 192416, at *2, *6 (N.D. Fla. Feb. 13, 2012) (denying motion to strike affirmative defense reading "the plaintiff has failed to mitigate its claimed damages, if any" and holding "[t]o the extent the plaintiff contends that certain of the affirmative defenses are legally insufficient as they are allegedly bare-boned and not pleaded with enough particularity, that is an insufficient basis to strike the defenses."); *Dzafic v. Geovera Specialty Ins. Co.*, No. 8:08-cv-0026-T-24-EAJ, 2008 U.S. Dist. LEXIS 60721, at *4-5 (M.D. Fla. July 31, 2008) ("Defendant's fourth affirmative defense claims that Plaintiff failed to mitigate his damages. Despite the fact that Defendant has not alleged any facts in support of this defense, it will not be stricken at this time. Other courts which have considered this issue have found that a bare-bones statement of the intent to rely on the defense is sufficient in cases where, at the time of pleading, the parties have conducted little or no discovery.").

Further, to the extent Plaintiffs complain the sixth affirmative defense does not explain its factual basis, Plaintiffs misconstrue the nature of a failure to mitigate defense. AIGPCC's sixth affirmative defense asserts that Plaintiffs are barred from recovery because there is an absence of facts showing that Plaintiffs took reasonable,

necessary, and appropriate steps to mitigate damages. AIGPCC's factual allegation is that evidence of mitigation does not exist. Plaintiffs illogically suggest that this Court should require AIGPCC to identify facts that do not exist, which would amount to impermissible speculative pleading.[1]

The sixth affirmative defense properly places Plaintiffs on notice that AIGPCC contends that Plaintiffs failed to mitigate damages. As such, this Court should deny Plaintiffs' Motion to Strike as to the sixth affirmative defense.

**IV. This Court should not Strike AIGPCC's Seventh Affirmative Defense**

AIGPCC's seventh affirmative defense reads as follows:

> Plaintiffs' claims are barred, in whole or in part, to the extent any damage was not caused by or resulting from a covered loss.

*See* Doc. 11 at page 9.

Similar to their arguments concerning the first and sixth affirmative defenses, in arguing that AIGPCC's seventh affirmative defense should be stricken, Plaintiffs fail to allege that the seventh affirmative defense is prejudicial to Plaintiffs or immaterial to this action. *See Paylan* at *11 (discussed *supra*). As such, this Court should deny Plaintiffs' Motion to Strike as to the seventh affirmative defense

[1] Plaintiffs incorrectly argue that the *Twombly* heightened pleading standard applies to affirmative defenses. However, even if *Twombly* applied to affirmative defense, *Twombly* itself explicitly supports AIGPCC's sixth affirmative defense because *Twombly* directs that a Complaint must show a right to relief "above the *speculative* level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548, 127 S. Ct. 1955, 1961 (2007) (emphasis added). Yet, in contravention of *Twombly*, Plaintiffs argue that this Court should require AIGPCC to plead speculative facts that are not in existence.

because Plaintiffs have failed to establish a legal basis for striking the affirmative defense. *See Cincinnati Ins. Co.* at *5 (M.D. Fla. Feb. 12, 2014) ("Under this rule, the movant bears the burden of demonstrating that the challenged matter should be stricken.").

Moreover, AIGPCC's seventh affirmative defense is appropriate. *Bill Salter Advert., Inc. v. Nautilus Ins. Co.*, No. 3:13cv405/MCR/CJK, 2014 U.S. Dist. LEXIS 192747 N.D. Fla. Mar. 19, 2014). In *Bill Salter Advert., Inc.*, plaintiff sought to strike the defendant's "first two defenses state[ing] that there is no coverage under the policy for the damages Salter seeks to recover." *Id.* at *4. The Court noted that "[Plaintiff] has not shown that these defenses have no possible relationship to the controversy in this case or how they confuse the issues or prejudice the parties if they remain in the pleadings," and, in denying the Motion to Strike, held that "the defenses appear to put [plaintiff] on notice of issues that might arise at trial." *Id.* at *5. *See also Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co.*, 250 F. Supp. 2d 1357, 1362 (M.D. Fla. 2003) (noting that an "insurer may assert as an affirmative defense lack of coverage, policy limits, or a violation of policy conditions such as fraud, lack of notice, or failure to cooperate.").

Here, AIGPCC's seventh affirmative defense is a coverage defense that other courts have recognized as sufficient. *See Bill Salter Advert., Inc.* at *5. Accordingly,

this Court should deny Plaintiffs' Motion to Strike as to the seventh affirmative defense.

## V. This Court should not Strike AIGPCC's Twelfth Affirmative Defense

AIGPCC's twelfth affirmative defense reads as follows:

> AIGPCC pleads all other terms, conditions, limitations, definitions, and exclusions contained within the Policy as if set forth herein in their entirety. Plaintiffs' damages, if any, are barred and/or limited by the policy limits set forth in the Policy, in addition to all other limitations, provisions, and any other terms, exclusions, and conditions of the applicable Policy that specifically limit, bar, or otherwise restrict Plaintiffs' recovery under the Policy.

*See* Doc. 11 at page 12.

Similar to their arguments concerning the first, sixth, and seventh affirmative defenses, in arguing that AIGPCC's twelfth affirmative defense should be stricken, Plaintiffs fail to allege that the twelfth affirmative defense is prejudicial to Plaintiffs or immaterial to this action. *See Paylan* at *11 (discussed *supra*). As such, this Court should deny Plaintiffs' Motion as to the twelfth affirmative defense because Plaintiffs have failed to allege, let alone establish, a proper basis for striking the affirmative defense. *See Cincinnati Ins. Co. v. Quorum Mgmt. Corp.*, No. 5:12-cv-406-Oc-10PRL, 2014 U.S. Dist. LEXIS 18983, at *5 (M.D. Fla. Feb. 12, 2014) ("Under this rule, the movant bears the burden of demonstrating that the challenged matter should be stricken.").

Additionally, pleading that Plaintiffs' claimed damages, if any, are "limited by the policy limits set forth in the Policy", is an appropriate affirmative defense. *Liberty Mut. Fire Ins. Co. v. State Farm Fla. Ins. Co.*, No. 15-20941-CIV, 2020 U.S. Dist. LEXIS 64253, at *10 (S.D. Fla. Apr. 9, 2020) ("Exhaustion of the policy limits is an affirmative defense."); *Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co.*, 250 F. Supp. 2d 1357, 1362 (M.D. Fla. 2003) (noting that an "insurer may assert as an affirmative defense lack of coverage, *policy limits*, or a violation of policy conditions such as fraud, lack of notice, or failure to cooperate.") (emphasis added).

Accordingly, this Court should deny Plaintiffs' Motion to Strike as to the twelfth affirmative defense.

**VI. Plaintiffs Failed to Comply with Local Rule 7.1**

Local Rule 7.1(B) requires attorneys to attempt in good faith to confer with opposing counsel before filing a motion. The Rule specifies:

> An email or other writing sent at or near the time of filing the motion is not a meaningful conference. When a conference is conducted in writing or electronically, an attorney ordinarily should be afforded at least 24 hours—as calculated under Federal Rule of Civil Procedure 6—to respond to a communication.

N.D. Fla. Loc. R. 7.1(B).

Local Rule 7.1 applies to Plaintiffs' Motion to Strike. *Hui Li v. UF Bd. of Trs.*, No. 1:14-cv-236-RS-GRJ, 2015 U.S. Dist. LEXIS 51523, at *8-9 (N.D. Fla. Apr. 20, 2015) ("N.D. Fla. Loc. R. 7.1(B) requires counsel for the moving party, when

filing most motions (including motions to strike), to confer with the counsel for the opposing party in a good faith effort to resolve the issues raised in the motion.").

As set forth in Plaintiffs' Motion to Strike, Plaintiffs objectively violated Rule 7.1 by emailing undersigned on September 15, 2020—the same day Plaintiffs filed their Motion to Strike. *See* Doc. 13 at page 8. Further, Plaintiffs admit that Plaintiffs' counsel did not communicate with AIGPCC's counsel before filing the Motion to Strike. *Id.* Rather, at approximately 3:38 PM ET, Plaintiffs' counsel emailed undersigned a copy of the Motion to Strike and stated that Plaintiffs would file the Motion to Strike later in the day. *See* September 15, 2020 email from Plaintiffs' counsel, a copy of which is attached hereto as **Exhibit A.**

Plaintiffs' untimely email, sent a mere hour and a half before the close of business, is a clear violation of Rule 7.1. *Haugdahl v. Fla. Dep't of Agric. & Consumer Servs.*, 28 Fla. L. Weekly Fed. D19 (U.S. N.D. Fla. October 17, 2019) ("Therefore, simply corresponding with opposing counsel is not considered a good-faith attempt to confer or have a conference to resolve discovery disputes.").

Plaintiffs' violation of Local Rule 7.1 is a basis for denying Plaintiffs' Motion to Strike. *Deepgulf, Inc. v. Moszkowski*, 330 F.R.D. 600, 612 (N.D. Fla. 2019) ("A court may deny a motion when the movant has not shown that he made a good faith effort to confer and work with an opposing party."); *Forum Architects, LLC. v. Candela*, No. 1:07CV190-SPM/AK, 2008 U.S. Dist. LEXIS 4705, at *8 (N.D. Fla.

Jan. 23, 2008) ("As a final and important note, Plaintiff did not confer with Defendants prior to filing this motion and for this reason the Court could have denied the motion outright on this basis alone."); *Lawson v. McDonough*, No. 4:04-cv-00105-MP-AK, 2006 U.S. Dist. LEXIS 77547, at *6 (N.D. Fla. Oct. 11, 2006) ("Thus, Aleph's motion (doc. 74) is DENIED for failure to confer prior to filing the motion as required by the local rules[.]"); *Doe v. Francis*, No. 5:03CV260/RS, 2006 U.S. Dist. LEXIS 105036, at *23 (N.D. Fla. May 8, 2006) ("This Court has previously determined that failure on the part of moving counsel to follow the requirements of Local Rule 7.1 may result in denial of the motion."); *United States v. Cimino*, 219 F.R.D. 695, 696 (N.D. Fla. 2003) ("Counsel for movants failed to confer before filing this motion as required by Local Rule 7.1(B). The motion is denied without prejudice for that reason.").

Accordingly, this Court should deny Plaintiffs' Motion to Strike for failing to comply with Local Rule 7.1.

**IV. Conclusion**

"Motions to strike under Rule 12(f) are disfavored, and several courts have characterized such motions as 'time wasters.'" *Holtzman v. B/E Aerospace, Inc.*, No. 07-80551-CIV, 2008 U.S. Dist. LEXIS 42630, at *2 (S.D. Fla. May 28, 2008) (citation omitted). *See Nalcrest Found., Inc. v. Landmark Am. Ins. Co.*, No. 8:18-cv-996-T-24AAS, 2018 U.S. Dist. LEXIS 156504, at *25 (M.D. Fla. July 27, 2018)

("The Court encourages the parties to be cognizant of the Court's limited judicial resources and discourages the parties from filing motions that do not affect the outcome of the case and appear to have no other purpose than to generate attorneys' fees or burden opposing counsel with responding to an unnecessary motion.").

"Motions to strike will usually be denied unless 1.) the allegations have no possible relation to the controversy and 2.) the allegations may cause prejudice to one of the parties." *Holtzman v. B/E Aerospace, Inc.*, No. 07-80551-CIV, 2008 U.S. Dist. LEXIS 42630, at *3 (S.D. Fla. May 28, 2008).

Here, Plaintiffs have not alleged that AIGPCC's challenged affirmative defenses are prejudicial to Plaintiffs, or that AIGPCC's challenged affirmative defenses have no possible relation to the instant litigation. As such, Plaintiffs have failed to satisfy their burden of establishing that this Court should strike AIGPCC's affirmative defenses. *See Cincinnati Ins. Co. v. Quorum Mgmt. Corp.*, No. 5:12-cv-406-Oc-10PRL, 2014 U.S. Dist. LEXIS 18983, at *5 (M.D. Fla. Feb. 12, 2014) ("Under this rule, the movant bears the burden of demonstrating that the challenged matter should be stricken.").

Moreover, as discussed above, other courts have expressly approved of AIGPCC's affirmative defenses. AIGPCC's affirmative defenses provide Plaintiffs with the requisite notice required by Rule 8. *See Hassan v. United States Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988). ("The purpose of Rule 8(c) is simply to

guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.").

As such, this Court should deny Plaintiffs' Motion to Strike in its entirety. However, should the Court determine that any of the challenged affirmative defenses are improper, "the proper remedy is not to strike the claim, but instead to treat the claim as a specific denial." *Citizens State Bank v. Dixie Cty.*, No. 1:10-cv-224-SPM-GRJ, 2011 U.S. Dist. LEXIS 168788, at *9 (N.D. Fla. July 7, 2011).

**WHEREFORE**, Defendant, AIG PROPERTY CASUALTY COMPANY, respectfully requests that this Court deny Plaintiffs' Motion to Strike, and grant any further relief this Court deems necessary and proper.

CLAUSEN MILLER P.C.

By: /s/ *Thomas Moody*
THOMAS MOODY, ESQ., FBN:123618
4830 West Kennedy Blvd., Suite 600
Tampa, Florida 33609
Tel: (312) 606-7626
tmoody@clausen.com
aschaab@clausen.com
ammcarthy@clausen.com
*Attorney for Defendant,*
*AIG Property Casualty Company*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), the undersigned certify that this Response in Opposition contains 4,517 words.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of September 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which sent notification of such filing to the parties who are registered participants with the system.

CLAUSEN MILLER P.C.
*/s/ Thomas Moody*
Thomas Moody, Esq., FBN: 123618